

10/13/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT A. SEARS, | ) |
|       Plaintiff, | ) |
| v. | )    Civil Action No. 1:20-cv-02901 (UNA) |
| DR. WARREN, | ) |
|       Defendant. | ) |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff brings undefined causes of action against "Dr. Warren," the head psychologist at Lompoc Residential Drug Abuse Camp. *See generally* Compl., Dkt. 1. Plaintiff does not provide an address or any other identifying information for defendant or the Camp. *See id.* Plaintiff is apparently dissatisfied with his treatment by Dr. Warren, whom he broadly alleges engaged in "wrongdoing," and argues that Dr. Warren engaged in favoritism and nepotism while treating patients at the Camp. *See id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff does not raise any federal question, and has not alleged sufficient facts to satisfy his burden to establish diversity jurisdiction. Accordingly, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: October 13, 2020

_____
DABNEY L. FRIEDRICH
United States District Judge